IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


United States Department of
the Interior, Interior Board
of Land Appeals,

               Plaintiff,

    v.

Donald F. Bean, Mineral
estate Grantee,

               Defendant.

Case No. 1:13-cv-00294-CL

           ORDER

---

AIKEN, Chief Judge:

    Pro se litigant Donald Bean brought this action in federal court, purporting to appeal an order of the Interior Board of Land Appeals (IBLA). Bean's action was assigned to Magistrate Judge Clarke in accordance with this District's case assignment policies. Bean subsequently sought in forma pauperis status, and Magistrate Judge Clarke granted his request on May 30, 2013.

    However, Bean has not provided the necessary paperwork to effectuate service, and Magistrate Judge Clarke issued an order

1 - ORDER

requiring Bean to show cause why this action should not be dismissed for lack of prosecution.[1] In response, Bean contends - as he has previously - that he is awaiting a response from the undersigned judge regarding the improper "transfer" of this case. Notably, Bean has not formally filed such a request.

While the precise nature of Bean's argument is unclear, Bean appears to contest the "transfer" of this case from IBLA while also suggesting that the United States Claims Court is the proper court to resolve his dispute. However, Bean himself filed this action in federal district court; no judge in this District "transferred" his case from IBLA. Further, Bean has not requested transfer of this action to the Claims Court and provides no legal authority to support transfer in any event.

Bean also appears to challenge the assignment of this case to Magistrate Judge Clarke. Pursuant to 28 U.S.C. § 636(b), the talents of magistrate judges are fully utilized in this District, and magistrate judges generally are assigned civil cases in the same manner as district judges. Even if a party does not consent to trial by a magistrate judge, *the case remains assigned to the magistrate judge for resolution of all pretrial matters*, except for

_____

[1]To effectuate service, Bean must: 1) complete an original and one copy of the summons for each defendant and submit them to the Clerk's Office; 2) provide the Clerk's Office with a copy of the complaint for service; and 3) complete instructions for service of process on form USM285 and submit it to the Clerk's Office. Summons forms and the USM285 form may be obtained on request from the Clerk's Office.

those enumerated in § 636(b)(1)(A). With respect to those enumerated matters, the magistrate judge must issue Findings and Recommendations which are then reviewed by a district judge. Id. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

In other words, regardless of Bean's non-consent to Magistrate Judge Clarke or his preference for an "article III" district judge, *Magistrate Judge Clarke retains the full authority to preside over this case.* With respect to dispositive matters such as dismissal, Magistrate Judge Clarke shall issue Findings and Recommendations to be reviewed by a district judge.

Finally, Bean sets forth no facts to support recusal of Magistrate Judge Clarke or transfer to a different judge. The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Significantly, the alleged bias must derive from an "extrajudicial source" to justify recusal. Liteky v. United States, 510 U.S. 540, 554 (1994). Bean identifies no specific bias, extrajudicial or otherwise, on the part of Magistrate Judge Clarke. Even if Magistrate Judge Clarke issues rulings with which Bean disagrees, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." Id. at 555.

In sum, Bean fails to provide any legitimate grounds for recusal of Magistrate Judge Clarke or transfer to a different

3 - ORDER

presiding judge. Therefore, to the extent Bean's arguments are construed as a motion to recuse or to "transfer," such request is denied.

IT IS SO ORDERED.

Dated this 18th day of February, 2014.


_____
Ann Aiken
United States District Judge

4 - ORDER